TONY MALTESE AND JOSEPHINE MALTESE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; NINO'S PIZZA SHOP, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maltese v. Commissioner
Docket Nos. 25320-86; 36798-86.
United States Tax Court
T.C. Memo 1988-322; 1988 Tax Ct. Memo LEXIS 350; 55 T.C.M. (CCH) 1343; T.C.M. (RIA) 88322; July 27, 1988. *350 Joseph S. Binder, for the petitioner. Russell K. Stewart, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: In these consolidated cases the Commissioner determined deficiencies in petitioners Tony and Josephine Malteses' Federal income tax and additions to tax as follows: Additions to tax
Section
Section
Section
Section
Year
Deficiency
6651(a) [1]
6661
6653(a)(1)
6653(a)(2)
1980
$ 31,704
$  7,908.25
$  -     $ 1,798.40
- 1981
67,563
16,881.90
-     3,718.60
* 1982
26,695
6,606.66
2,669.50
1,509.55 **
The Commissioner also determined deficiencies in petitioner Nino's Pizza Shop, Inc.'s ("Nino's") Federal income tax and additions to tax as follows: Additions to tax
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1980
$ 14,382
$ 719.10
- -   1981
43,452
2,172.60
* -   1982
13,525
676.25 **
$ 1,352.50
*351 The issue we must decide is whether respondent's method of reconstructing Nino's gross receipts and taxable income for its taxable years 1980, 1981, and 1982 was reasonable. Petitioners conceded at trial that Nino's understated its gross receipts but they dispute the amount of the understatement determined by respondent. Petitioners also conceded at trial that to the extent we determine that Nino's income was understated, those amounts will be considered distributions by Nino's petitioners Maltese and taxed as a dividend or return of capital in accordance with the earnings and profits determined in the statutory notice of deficiency. At trial petitioners also conceded liability for the additions to tax, but not in the amounts determined by respondent. Some of the facts in this case have been stipulated and are so found. Petitioners Maltese were husband and wife during the years in issue and resided in Flemington, New Jersey when their petition was filed. Petitioners filed their joint Federal income tax returns for each taxable year in issue late. Nino's was a corporation having its principal place *352 of business in Chalfont, Pennsylvania when its petition was filed, and all the stock of Nino's was owned by petitioner Tony Maltese. During the years in issue, Nino's operated a pizza shop selling pizza, sandwiches, soda and snacks. Although the pizza store operated primarily in Lansdale, Pennsylvania, Nino's opened and operated other stores at other locations during 1980, 1981, and 1982. The pizza store had both a grill and oven for sandwiches and pizza, together with a counter and seating area for customers. In excess of 70 percent of the pizza store's sales were taken out by customers. Petitioners' two sons, Salvatore and Philip Maltese, were employed by Nino's and worked at the pizza ship seven days a week. Salvatore was responsible for making all the pizza sold at Nino's and for ordering and paying for supplies purchased from Collica Quality Foods while Philip was responsible for making sandwiches for sale to customers. Nino's prices for pizza for the years in issue were as follows: Pizza Size
1980
1981
1982
Regular
$ 3.75
$ 4.00
$ 4.25
Large
4.75
5.00
5.25
Sicilian
6.00
6.25
6.50
Toppings increased the price of the pizza by approximately *353 $ .75 per item. Of every 100 pizzas sold, Nino's sold approximately 40 medium pizzas, 56 large pizzas, and four Sicilian pizzas. The records of Collica Quality Foods ("Collica") and Roma Food Enterprises ("Roma"), two of Nino's suppliers, show that Nino's purchased at least 298, 412 and 326 hundred-pound sacks of flour in the years 1980, 1981, and 1982, respectively. Some of Nino's purchases from Roma and Collica were made by cash. These purchases exceeded the purchases reported on Nino's Federal income tax returns during 1980, 1981 and 1982 by at least $ 36,698, $ 41,848 and $ 39,781, respectively. Nino's reported taxable income or loss of $ 801, $ 3,001 and ($ 961), respectively for 1980, 1981 and 1982. Petitioners did not maintain adequate books and records of Nino's receipts, costs, or expenses, although petitioners regularly consulted an accountant. Not all of Nino's receipts were deposited in Nino's business bank account, and some of the expenses of the business were paid with cash taken from daily receipts. In the absence of adequate records for Nino's, respondent reconstructed Nino's gross receipts. Respondent derived Nino's gross receipts from the estimated number *354 of pizzas which could be made from the amount of flour purchased by Nino's during the years at issue. In the statutory notice of deficiency respondent based his determination on the assumption that Nino's made 135 pizza pie crusts whether medium or large out of each 100 pound bag of flour it purchased. Respondent determined that Nino's gross receipts were understated by $ 102,158, $ 170,084 and $ 101,587 for 1980, 1981, and 1982, respectively. Accordingly, respondent determined that petitioners received distributions from Nino's of $ 66,305, $ 99,871, and $ 42,000 for 1980, 1981 and 1982, respectively. Petitioners contend that respondent's determination was unreasonable. They claim that Nino's could make only 95 to 100 medium pizzas out of 100 pound bag of flour, 60 to 70 large pizzas out of a 100 pound bag of flour and 35 to 40 Sicilian pizzas out of a 100 pound bag of flour. Petitioners also contend that they sold at cost several bags of flour each week to Rose Peters who worked at a doughnut shop nearby and gave away flour periodically to a friend from New Jersey named Solina. Solina is deceased, but petitioners failed to produce Peters as a witness at trial. Respondent's *355 determination of deficiency is presumptively correct. Petitioners have the burden of going forward with the evidence as well as the ultimate burden of persuasion that respondent's determination in the statutory notice is incorrect. Welch v. Helvering, 290 U.S. lll (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. A showing by petitioners, however, that the statutory notice is arbitrarily excessive or without foundation shifts the burden of going forward with the evidence to respondent. Helvering v. Taylor,290 U.S. 507 (1935). We are troubled by the respondent's method of reconstruction. Respondent made no effort to compare the pizzas sold by Nino's with those sold by the larger retail chains that provided the information for formulating this method. Nevertheless, petitioners did not present any evidence that persuades us that respondent's determination was arbitrary or without foundation. The only evidence presented at trial to rebut respondent's assumption that Nino's made and sold 135 pizzas per 100 pound bag of flour was the testimony of petitioner Tony Maltese and his son Salvatore who stated that Nino's could make only 95 to 100 medium *356 pizzas per 100 pounds of flour rather than the 135 assumed by respondent. On balance we are more troubled by the Malteses' testimony than by respondent's method. The Malteses testified that one reason respondent's reconstruction was inappropriate to Nino's is because they gave two to three bags of flour away each week and sold four to five each month at cost. To sustain such generosity, Nino's would have had to pass on more than half of its documented flour purchases at cost or by gift. This story is too implausible to believe and, moreover, casts doubt on all their testimony. Furthermore, petitioners did not call as witnesses anyone to whom petitioners sold flour at cost or who could confirm their gifts. "The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable." Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946) affd. 162 F.2d 513 (10th Cir. 1947). Petitioners must bear the consequences of their failure to maintain adequate records (despite their regularly consulting *357 an accountant). In light of our perception of the witnesses' testimony and petitioners' failure to keep accurate books and records for Nino's from which a return could be recreated, we find the Malteses' unsupported testimony unpersuasive. We therefore, hold that respondent's determinations of deficiencies are correct and that Nino's gross receipts for its taxable years 1980, 1981, and 1982 were understated by $ 102,158, $ 170,084, and $ 101,587, respectively. Pursuant to their concessions, petitioners received distributions from Nino's in the amounts of $ 66,305, $ 99,871 and $ 42,000 for their taxable years 1980, 1981 and 1982, respectively. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated. ↩
*. 50% of interest due on $ 67,563. ** 50% of interest due on $ 26,695. ↩
*. 50% of interest due on $ 43,452. ** 50% of interest due on $ 13,525. ↩